UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SONDRA B.,[1] | : | Case No. 2:23-cv-3368 |
| Plaintiff, | : | |
| | : | District Judge Edmund A. Sargus |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[2]

This matter has returned before the Court for review of Plaintiff Sondra B.'s claim challenging the Social Security Administration's denial of her application for Supplemental Security Income (SSI). This case is before the Court upon Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #11), Plaintiff's Reply (Doc. #12), and the administrative record (Doc. #7).

**I.    Background**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

In the present case, Plaintiff applied for benefits on January 24, 2014, alleging disability due to "back fusion surgery, broken tailbone; degenerative disc disease; rheumatoid arthritis; trouble using hands; carpal tunnel; asthma; fibromyalgia; seizures; degenerative joint disease; Neurological shakes (undiagnosed); migraines; insomnia; loss of bladder control; high cholesterol; and bipolar disorder." (Doc. #7-6, *PageID* #415). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Timothy Gates. On July 25, 2016, ALJ Gates concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. (Doc. #7-3, *PageID* #s 228-43). The Appeals Council granted review and remanded the case back to ALJ Gates, who held a new hearing on February 9, 2018. (Doc. #7-2, *PageID* #s 93-127). On March 20, 2018, ALJ Gates again denied benefits to Plaintiff. *Id.* at 46-83.

After the Appeals Council denied review, Plaintiff filed her first previous case in the United States District Court for the Southern District of Ohio. This Court remanded the case to the Commissioner. *See [Sondra B.] v. Comm'r of Soc. Sec.*, No. 2:18-cv-1704, 2020 WL 1041188, (S.D. Ohio Mar. 4, 2020) (Marbley, D.J.); (Doc. #7-10, *PageID* #s 1314-38). The matter was remanded by the Appeals Council on July 15, 2020. *Id.* at 1310-12. ALJ Jeffrey Hartranft held another hearing on December 21, 2020. (Doc. #7-9, *PageID* #s 1223-50). ALJ Hartranft issued another unfavorable decision dated March 16, 2021. *Id.* at 1174-1211.

After the Appeals Council again denied review, Plaintiff filed her second previous case in the United States District Court for the Southern District of Ohio, and based on a Joint Stipulation of the parties, this Court remanded the case to the Commissioner. *See [Sondra B.] v. Comm'r of Soc. Sec.*, No. 2:21-cv-3615 (S.D. Ohio Jan. 31, 2022); (Doc. #7-16, *PageID* #s 1800-02). The

Appeals Council remanded the matter on July 23, 2022. *Id.* at 1803-08. Upon remand, ALJ Hartranft held a hearing via telephone and issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful employment since December 4, 2013, the application date. |
| Step 2: | She has the severe impairments of Degenerative Disc Disease of the Lumbar Spine - status/post Lateral Fusion, Interbody Fusion, Interbody Prosthesis, and Segmental Instrumentation; Post-laminectomy Syndrome; Peripheral Polyneuropathy; Affective Disorder/Schizoaffective Disorder; and Anxiety Disorder. |
| Step 3: | She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "sedentary work … except she would use a cane for balance when walking, but could carry up to the exertional levels in the other hand; she could frequently push and pull with the bilateral upper extremities; she could occasionally climb ramps and stairs; she should avoid climbing ladders, ropes, and scaffolds; she could occasionally balance, stoop, kneel, crouch, and crawl; she could frequently handle and finger with the bilateral upper extremities; she should avoid exposure to workplace hazards, such as unprotected heights and machinery; she could perform simple, routine, and repetitive tasks, involving only simple work-related decisions and with few, if any, workplace changes; she could occasionally interact with the general public, co-workers and supervisors, but she should avoid performing tandem tasks or jobs with customer service responsibilities."<br><br>She is unable to perform any past relevant work. |
| Step 5: | She can perform a significant number of jobs that exist in the national economy. |

(Doc. #7-15, *PageID* #s 1738-62). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since December 4, 2013, the date the application was filed. *Id.* at 1762.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-15, *PageID* #s 1735-62), Plaintiff's Statement of Errors (Doc. #9), the Commissioner's Memorandum in Opposition (Doc. #11), and Plaintiff's Reply (Doc. #12). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. Discussion

In her Statement of Errors, Plaintiff contends that the ALJ erred in his evaluation of the medical opinion provided by treating physician, Charles Kistler, D.O. (Doc. #9, *PageID* #s 2260-66); (Doc. #12, *PageID* #s 2282-84). The Commissioner maintains that the ALJ provided "good reasons" for giving no weight to Dr. Kistler's opinion. (Doc. #11, *PageID* #s 2273-79).

At the time Plaintiff filed her application for benefits in 2014, Social Security Regulations required an ALJ to consider every medical opinion in the record and weigh each according to factors like the nature of the relationship, supportability, consistency, and specialization. 20 C.F.R. § 416.927(c)(1)-(6). The Regulations recognized several different types of "acceptable" medical sources: treating physicians, non-treating, yet examining physicians, and non-treating, record-reviewing physicians." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013); *see* 20 C.F.R.§ 416.902. Generally, a treating doctor's opinion was entitled to more weight, and an ALJ must give good reasons for the weight given a treating doctor's opinion. *See* 20 C.F.R. § 416.927(c)(2); *Gayheart*, 710 F.3d at 376. Indeed, when the treating source's opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record[,]" the ALJ is required to place controlling weight on the treating source's opinion.[3] *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

---

[3] On January 18, 2017, the Social Security Administration promulgated "Revisions to Rules Regarding the Evaluation of Medical Evidence," which, among other things, served to eliminate the treating physician rule for claims filed on or after March 27, 2017. *See* 82 Fed. Reg. 5844, 2017 WL 168819 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404, 416). Since Plaintiff's application was filed prior to the effective date of March 27, 2017, the treating physician rule is still applicable to her claims.

5

Nonetheless, an ALJ may discount a medical source's opinion, including a treating source's opinion, when the source fails to explain or provide objective medical evidence to support his or her opinion or if the source's opinion is inconsistent with the record as a whole. *See* 20 C.F.R. § 416.927(c); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1997). In addition, although medical source opinions about what an individual can still do or the individual's restrictions are relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the individual's RFC. *See* 20 C.F.R. §§ 416.927(d)(2), 416.945(a)(3), 416.946(c); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010).

Dr. Kistler completed two medical source statements on May 2, 2016. (Doc. #7-7, *PageID* #s 874-77). As to Plaintiff's mental limitations, Dr. Kistler opined that Plaintiff was moderately impaired in her ability to understand and remember simple instructions and make judgments on simple work-related decisions, and markedly impaired in her ability to carry out simple instructions and interact appropriately with the public, coworkers, and supervisors. *Id.* at 874-76. As to Plaintiff's physical limitations, Dr. Kistler indicated that she could sit for one hour at a time for a total of two hours, stand for fifteen minutes at a time for a total of one hour, and walk for ten minutes at a time for a total of one hour. *Id.* at 877. Dr. Kistler further opined that Plaintiff could occasionally lift up to ten pounds, could not grasp, push or pull, or engage in fine manipulation bilaterally. *Id.* Dr. Kistler also found further physical limitations as follows: no repetitive movements with her feet, no squatting and crawling, and no exposure to unprotected heights or moving machinery. *Id.*

Additionally, Dr. Kistler prepared a letter on Plaintiff's behalf on February 4, 2018, in which he set forth Plaintiff's medications, diagnoses, and symptoms. (Doc. #7-8, *PageID* #s 1153-

6

54).  Dr. Kistler opined that "[f]rom a psychological standpoint, [Plaintiff] is unable to cope with the restrictions of a job situation. She misses significant amounts of work because of medication and doctor visits and ongoing headaches, seizures and neurological problems." *Id.* at 1154.  He concluded, "based on reasonable medical certainty and probability," that Plaintiff "is permanently and totally disabled from any and all sustained remunerative employment from a physical and psychological standpoint based upon the consultative evaluations, her ongoing medical treatment, my treatment of the patient, her history, her surgeries, her failed therapy and rehabilitation." *Id.*

With his February 4, 2018 letter, Dr. Kistler also submitted updated medical source statements.  (Doc. #7-8, *PageID* #s 1155-60).  Dr. Kistler opined that Plaintiff was moderately impaired in her ability to understand and remember simple instructions; and markedly impaired in her ability to carry out simple instructions, as well as appropriately interact with coworkers, supervisors, and the general public.  *Id.* at 1155-56.  He also found Plaintiff was extremely limited in her ability to carry out complex instructions and make judgments on complex work-related decisions. *Id.*

As to Plaintiff's physical restrictions, Dr. Kistler opined that Plaintiff could sit for thirty minutes at a time for a total of two hours, stand for fifteen minutes at a time for a total of one hour, and walk for five to ten minutes at a time for a total of thirty minutes.  *Id.* at 1158.  He found Plaintiff was limited to occasionally lifting and carrying up to ten pounds while not being able to push or pull with her bilateral upper extremities.  *Id.*  He further opined she could not use her feet for repetitive movements, and she was precluded from squatting, crawling, being around unprotected heights or moving machinery, being exposed to marked changes in temperature and humidity, and from driving automotive equipment.  *Id.*

Plaintiff argues that the ALJ failed to properly evaluate Dr. Kistler's treating source medical opinions by failing to provide good reasons for rejecting the only treating source opinion of record. (Doc. #9, *PageID* #s 2263-66). Additionally, she contends that the ALJ impermissibly focused on Dr. Kistler's statements regarding disability instead of weighing the other 20 C.F.R. § 416.927 factors. *Id*. at 2265. Finally, she argues that the ALJ failed to properly consider the supportability and consistency factors within 20 C.F.R. § 416.927(c)(3)-(4) when rejecting Dr. Kistler's treating source medical opinions. *Id*. at 2263-65.

ALJ Hartranft assigned Dr. Kistler's opinions "no weight." (Doc. #7-15, *PageID* #1753). He explained:

> [T]he [ALJ] considered the opinion of Dr. Charles J. Kistler, a treating primary source, who completed a mental opinion statement on May 2, 2016, and diagnosed [Plaintiff] with conditions including Depression, Anxiety, and Bipolar Disorder (B31F). Dr. Kistler opined that the [Plaintiff]'s mental impairments caused marked functional limitations, including the [Plaintiff]'s ability to understand, remember, and carry out instructions, along with the ability to interact [properly with supervisors,] coworkers, and the public. (Id.). Further, the [ALJ] considered other medical opinion statements by Dr. Kistler (B32F & B57F), who opined the [Plaintiff] is permanently disabled from both a physical and psychological standpoint. Accordingly, the [ALJ] assigns no weight to Dr. Kistler's opinions, as said opinions are neither consistent with nor supported by the totality of the record, including his own treatment records, as the totality of the record fails to support the severity of the opined functional limitations. In this regard, the [ALJ] notes that the record fails to document recurring emergency care or inpatient hospitalizations for mental impairments. Further, the undersigned notes that the determination of disability as a matter reserved to the Commissioner. Alternatively, the [ALJ] finds that the updated record supports the mental limitations found within the above-stated RFC, which adequately account for and accommodate the functional limitations resulting from [Plaintiff]'s severe mental impairments by limiting in nature of her work activities and the nature and frequency of her interactions with others in the workplace, as stated therein, due to the combined effects of her anxiety and depressive symptoms.

*Id.*

The ALJ's justifications for discounting Dr. Kistler's opinions are flawed for several reasons. While the ALJ acknowledged that Dr. Kistler served as a "treating primary source" for Plaintiff, the ALJ did not properly analyze the opinion under the two conditions of the treating physician rule. (Doc. #7-15, *PageID* #1753). That is, the ALJ failed to discuss whether Dr. Kistler's opinions are (1) well supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with the other substantial evidence in the case record. *Rogers*, 486 F.3d at 242. Instead, the ALJ improperly reduced the two-step evaluation procedure mandated by the Regulations into solely a consideration of the remaining factors, such as the "supportability" and "consistency" factors. *See* 20 C.F.R. § 416.927(c)(1)-(6). This constitutes error because the "supportability" and "consistency" factors—along with the others listed in the Regulations—"are properly applied only *after* the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart*, 710 F.3d at 376 (emphasis added) (citation omitted). The ALJ's focus on the factors "hinders a meaningful review of whether the ALJ properly applied the treating physician rule that is the heart of this regulation."[4] *Id.* (citing *Wilson*, 378 F.3d at 544).

Further, by ignoring the two-stage analysis of the treating physician rule, the ALJ also failed to satisfy his obligation to "be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion[s] and the reasons for that weight." Soc. Sec. R. 96-2p, 1996 WL 374188 at *5 (July 2, 1996); *see also Wilson*, 378 F.3d at 544-45 (citing *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004)) ("The requirement also

---

[4] Further calling into question whether the ALJ properly applied the treating physician rule, the ALJ did not mention the issue of controlling weight applicable to Dr. Kistler's treating source opinions, nor did he address the "presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding." (Doc. #7-15, *PageID* #1753); *see Samantha K. v. Comm'r of Soc. Sec.*, No. 3:23-cv-268, 2024 WL 2826434, at *11 (S.D. Ohio June 4, 2024) (Litkovitz, M.J.), *report and recommendation adopted*, No. 3:23-cv-268, 2024 WL 3163954 (S.D. Ohio June 24, 2024) (Rose, D.J.) (citing *Rogers*, 486 F.3d at 242).

ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.").

By collapsing the analysis of Dr. Kistler's opinions into one step, the ALJ failed to evaluate his opinions under the correct legal criteria. "Because the reason-giving requirement exists to 'ensur[e] that each denied claimant receives fair process,' we have held that an ALJ's 'failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight' given '*denotes a lack of substantial evidence*, even where the conclusion of the ALJ may be justified based upon the record.'" *Blakely*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243).

While the Commissioner asserts that the ALJ properly discredited some of Dr. Kistler's opinions as "statement[s] by a medical source that you are 'disabled' or 'unable to work'" reserved to the Commissioner and not given any special significance, the presence of such statements does not obviate the ALJ's burden to assess the rest of the treating source's medical opinions under the treating physician rule. (Doc. #11, *PageID* #2275) (citing 20 C.F.R. § 416.927(d)(1), (d)(3)). Dr. Kistler's opinions contained not only these statements, but mental and physical functional limitations assessments, as well as explanatory notes and a letter describing his findings. (Doc. #7-7, *PageID* #s 874-77); (Doc. #7-8, *PageID* #s 1153-60).

In this case, the ALJ's lack of further analysis becomes even more apparent when looking to some of the 20 C.F.R. § 416.927(c)(1)-(6) factors that were not mentioned in his decision. While "the ALJ need not perform an exhaustive, step-by-step analysis of each factor," the ALJ's failure to note either Dr. Kistler's length of treatment of Plaintiff as her primary care physician—from 2008 to at least 2020—or the frequency of examination—monthly, or at most, bimonthly visits

from at least 2014 through 2020—when assigning his opinions "no weight" is concerning and an error. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017); 20 C.F.R. § 416.927(c)(2)(i); (Doc. #7-7, *PageID* #s 669-84, 709-31, 853-73); (Doc. #7-8, *PageID* #s 1025-29, 1153; (Doc. #7-14, *PageID* #s 1594-1646).

Finally, substantial evidence does not support the ALJ's reason for discounting Dr. Kistler's opinions. The ALJ found that his opinions were "neither consistent with nor supported by the totality of the record, including his own treatment records…." (Doc. #7-15, *PageID* #1753). However, upon review of Dr. Kistler's treatment records of Plaintiff prior to, concurrent with, and subsequent to Dr. Kistler's medical opinions, most contained reports of Plaintiff with high levels of back pain (ranging from 7/10 – 9/10), neuropathy, and fibromyalgia that aligned with his medical opinions' underlying causes for Plaintiff's marked mental and physical limitations. *See* Docs. #7-7, *PageID* #s 678, 712-14, 719, 727, 731, 853, 858; #7-8, *PageID* #s 1025-29; #7-14, *PageID* #s 1620, 1623, 1625-26, 1628. Further, at some of these appointments, Plaintiff also reported weakness in extremities and balance issues that corresponded to other clinical findings. (Doc. #7-7, *PageID* #s 712-14, 727, 731); (Doc. #7-8, *PageID* #s 856-57, 866). This evidence is consistent with and supports Dr. Kistler's opinions that Plaintiff "has a weakness of muscles and suffers from fibromyalgia" and experiences "vertigo," "imbalance," and "weakness in extremities," as well as his opined physical limitations in areas such as squatting, crawling, and bending. (Doc. #7-7, *PageID* #s 875, 877); (Doc. #7-8, *PageID* #s 1155-56, 1158). Thus, the ALJ's conclusion that these treatment records are "inconsistent" with Dr. Kistler's treating source opinions fails to accurately represent the records cited and is not supported by substantial evidence. *See, e.g., Johnson v. Comm'r of Soc. Sec.*, No. 2:16-cv-172, 2016 WL 7208783, at *4 (S.D. Ohio

Dec. 13, 2016) ("This Court has not hesitated to remand cases where the ALJ engaged in a very selective review of the record and significantly mischaracterized the treatment notes."); *Dalton v. Comm'r of Soc. Sec.*, No. 2:20-CV-3636, 2021 WL 2430939, at *11 (S.D. Ohio June 15, 2021), *report and recommendation adopted*, 2021 WL 2853442 (S.D. Ohio July 8, 2021) (remanding due to factual inaccuracies in ALJ's characterization of treating source's notes).

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.

## IV. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where

the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for SSI should be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Statement of Errors (Doc. #9) be **SUSTAINED;**

2. The Commissioner's non-disability finding be **VACATED**;

3. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations, and any decision adopting this Report and Recommendations; and

5. The case be terminated on the Court's docket.

July 30, 2024                                    *s/ Peter B. Silvain, Jr.*
                                                                          Peter B. Silvain, Jr.
                                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).